**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

|  |  |
|---|---|
| JA'MESHIA MONTRELLIA HOLDER, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., and I. C. SYSTEM, INC., <br><br> Defendant. | Civil Action No.: 1:25cv339 TBM-RPM <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Ja'Meshia Montrellia Holder ("Plaintiff") brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian") and I.C. System, Inc. ("I.C.") (collectively "Defendants") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq.* and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, arising out of Defendants' mixing Plaintiff's credit file with another consumer.

## PARTIES

1. Plaintiff is a natural person residing in Gulfport, Mississippi, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant Experian is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626, and is authorized to do business in the State of Mississippi, including within this District.

3. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disseminating

1

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

4.      The information Experian collects, maintains, and sells includes confidential details about the income, finances, credit histories, address histories, application histories, credit review histories, and employment histories of 245 million Americans.  Experian also collects consumers' personal identifiers, such as Social Security Numbers ("SSNs"), dates of birth, telephone numbers, and addresses.

5.      Experian collects and maintains such information about consumers, whether consumers like it or not.  Consumers do not have a choice as to whether Experian collects and maintains information about them.  Not only that, but consumers cannot remove information that Experian collects and maintains about them from the Experian database. Further, Experian sells that information about consumers for its unilateral profit, none of which is shared with the Plaintiff, who is the subject of the very data that Experian sold.

6.      Defendant I.C. is a corporation with a principal place of business located at 444 Highway 96 East, St. Paul, MN 55127, and is authorized to do business in the State of Mississippi, including within this District.

7.      I.C. is a "Furnisher" as defined in 12 CFR 1022.41.  I.C. regularly furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report.  A data furnisher, such as I.C., is an entity that reports information about consumers to consumer reporting agencies ("CRAs"), which may include credit bureaus, tenant screening companies, check verification services, and medical information services, etc.  Like CRAs and data users, data furnishers have legal obligations and rules that must be upheld & followed pursuant to 15 U.S.C. § 1681s-2b of the FCRA.

8.      I.C. regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is therefore a "debt collector" within the meaning of the FDCPA, as defined in 15 U.S.C. § 1692a(6). I.C. regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including this district.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### Plaintiff Applies for a Loan with CashNet USA

11.     In or around May 2025, Plaintiff decided to apply for a loan through non-party CashNet USA ("CashNet").

12.     Plaintiff is the single mother of four young children struggling to make ends meet after losing her job and home, and so was hopeful for the loan from CashNet to assist her in supporting her family.

13.     Plaintiff provided CashNet with her personal identification information as part of the application.

### CashNet Denies Plaintiff's Loan Application

14.     On or around May 7, 2025, CashNet issued an Adverse Action Notice ("AAN") to Plaintiff via email.

3

15.     Within the AAN, CashNet stated: "Applicant is ineligible to apply due to previous applications/loans with CashNet USA."

16.     Plaintiff was shocked; she had never applied for a loan with CashNet before in her life.

17.     Upon information and belief, CashNet relied on consumer information published by Experian in its decision to deny Plaintiff's loan application.

**Plaintiff's Mixed Credit File as of June 2025**

18.     Confused and worried by the CashNet denial, Plaintiff decided to review her credit reports.

19.     In or around June 2025, while reviewing her credit reports, Plaintiff discovered an unfamiliar collection account appearing in her Experian credit report.

20.     She also observed that her sister's name and addresses appeared on her Experian credit report.

21.     Plaintiff was confused by the appearance of several pieces of information that did not belong to Plaintiff at all.

22.     Defendant Experian was reporting collection accounts which did not belong to Plaintiff.

23.     Specifically, Defendant Experian was reporting the following account, among others, which does not belong to Plaintiff:

(a)     I.C. System Inc.
        Account Number: 176560XXX
        Date Opened: 01/18/2025
        Status: Collection account. $656 past due as of Aug 2025
        Balance: $656 Original Creditor: Comcast Xfinity

24.     Further, Defendant Experian was reporting the following information and

addresses, which did not belong to Plaintiff:

      (a)    Name: JaWayshia Holdermoore
      (b)    Addresses:
      (c)    630 Broad Ave Apt D2, Gulfport, MS 39501-3608
      (d)    1719 Highway 19 N Apt 67, Meridian, MS 39307-5340;
      (e)    1719 Highway 19 N, Meridian, MS 39307-5311

25.    The aforementioned account and personal identifying information (the "Inaccurate Information") do not belong to Plaintiff, but rather to an entirely different consumer, namely, Plaintiff's sister (the "Non-Consumer"), who has an entirely different name, date of birth, Social Security Number, and address than Plaintiff.

26.    By reporting the Inaccurate Information in the credit file presumably about Plaintiff, despite the fact that the account and information do not belong to Plaintiff, Defendant Experian failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

### Plaintiff's July 2025 Dispute to Defendant

27.    In or around July 2025, worried that something was very wrong with her credit file, Plaintiff submitted a series of online disputes to Defendant Experian, and disputed the inaccuracies.

28.    Specifically, Plaintiff disputed the Inaccurate Information that did not belong to her.

29.    Plaintiff requested that Defendant reinvestigate the disputed information, correct the reporting, and send her a corrected copy of her credit report.

### Defendant Experian's Unreasonable Dispute Reinvestigation

30.    In or around July 2025, Defendant Experian received Plaintiff's dispute and request

5

that the inaccurate information be removed from her credit file.

31.    Upon information and belief, Defendant Experian sent to Defendant I.C. an Automated Consumer Dispute Verification ("ACDV") pursuant to Plaintiff's July 2025 dispute to Defendant Experian.

32.    Defendant I.C. received Defendant Experian's ACDV and failed to adequately investigate Plaintiff's dispute.

33.    On July 4, 2025, Experian issued the dispute results.

34.    Upon review, Experian deleted some inaccurately reported collection accounts, but failed to remove the one being reported by Defendant I.C.

35.    Defendant Experian failed to adequately review all of the information provided to it by Plaintiff.

36.    Defendant Experian failed to reinvestigate Plaintiff's July 2025 dispute and failed to remove the disputed information.

37.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy of the credit information it published and maintained concerning Plaintiff.

38.    Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's July 2025 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant I.C.'s Unreasonable Dispute Investigation July 2025**

39.    Upon information and belief, Defendant I.C. failed to adequately review all of the information provided to it by Plaintiff.

40.     Upon information and belief, Defendant I.C. verified the Disputed I.C. Account as accurate in response to Defendant Experian's ACDV.

41.     Defendant I.C. violated 15 U.S.C. § 1681s-2b by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it, and failing to recognize that the disputed information did not belong to Plaintiff.

### Plaintiff Applies for Credit with Capital One

42.     Desperate for a means to keep herself and her family afloat, Plaintiff began to search for other credit opportunities.

43.     In or around August 2025, Plaintiff applied for credit with non-party Capital One.

44.     Plaintiff provided Capital One with her personal identification information as part of the application.

### CashNet Denies Plaintiff's Loan Application

45.     On or around August 26, 2025, Capital One sent Plaintiff an AAA.

46.     Within the AAN, Capital One listed the credit reporting agencies they pulled information from to make their decision, which included Defendant Experian, among others.

47.     Upon information and belief, Experian reported the Inaccurate Information to Capital One

48.     By reporting the Inaccurate Information in the credit file presumably about Plaintiff, despite the fact that the account and information do not belong to Plaintiff, Defendant Experian failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's credit files and consumer reports, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff Receives Denials for Loans She Did Not Apply For**

49. On or around September 8, 2025, Plaintiff received another AAN from CashNet.

50. Plaintiff was particularly confused, as she had not applied for CashNet since her denial in May 2025.

51. The AAN once again referred to the previous applications and loans from CashNet as the reason for denial, despite Plaintiff having never applied outside of May 2025.

52. Upon information and belief, Defendant Experian furnished information about Plaintiff to CashNet following the Non-Consumer's loan applications.

53. Defendant Experian did not have a permissible purpose for furnishing information about Plaintiff to CashNet in any instance besides Plaintiff's own May 2025 application.

54. As Plaintiff had not authorized CashNet to request Plaintiff's credit report from Defendant Experian in any instance outside of May 2025, nor did Plaintiff enter into any business transaction or relationship which otherwise may have provided a basis for CashNet to secure a copy of Plaintiff's credit report from Defendant, Defendant disclosed information about Plaintiff to the above-referenced entities without a permissible purpose and in violation of 15 U.S.C. § 1681b(a).

**Plaintiff's Damages**

55. As a result of the "mixed file," Defendants made it practically impossible for Plaintiff to obtain credit.

56. Plaintiff reasonably believes that Defendant I.C. continued to furnish data to Defendant Experian, inaccurately suggesting that Plaintiff had a payment obligation owed to Defendant I.C. relating to the Inaccurate Information.

57. Plaintiff reasonably believes that Defendant Experian continued to publish that

Plaintiff had a payment obligation owed to Defendant I.C. relating to the Inaccurate Information.

58. As a result of the Inaccurate Information reported on Plaintiff's credit reports, and despite Plaintiff's comprehensive disputes submitted, the Defendants made it practically impossible for Plaintiff to continue to obtain credit.

59. The continued inaccurate reporting has left Plaintiff with the belief that she will not be approved for future credit.

60. These denials, combined with the continued presence of Inaccurate Information, have caused Plaintiff severe stress and anxiety.

61. Following the loss of her job and home, Plaintiff had been relying on her late mother to help support herself and her children.

62. The stress of not being able to secure credit or loans, the recent loss of her mother, and the economic hardship she finds herself in has left Plaintiff regularly breaking down in tears.

63. Despite Plaintiff's best efforts to get Defendants to correct their reporting and restore her credit, she feels trapped.

64. The situation has been overwhelming given Plaintiff's circumstances.

65. Plaintiff has suffered serious health conditions and has been unable to prioritize her recovery due to the stress resulting from Defendants' inaccurate reporting.

66. Her health concerns require time and resources she cannot prioritize because of her damaged credit.

67. As the sole provider for her four children, and without the support of her late mother, Plaintiff has been left in a worsening emotional and financial condition.

68. The continued inaccurate reporting has deprived her of access to credit, caused substantial distress, and exacerbated her already difficult personal and financial challenges.

69.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

70.     At all times pertinent hereto, Defendants' conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent, and in utter disregard for federal law and the rights of Plaintiff herein.

71.     Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower its costs.  Accordingly, Defendants' violations of the FCRA are willful.

72.     As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

73.     Defendant Experian is aware that its credit reporting system can and does result in the mixing of consumer credit files, commonly known as the "mixed file" problem. Defendant Experian's matching algorithms and database rules improperly associate and merge credit

10

information from different individuals, leading to inaccurate credit reports, many times each year. These errors not only misrepresent consumers' financial histories but also expose personal and financial information to unauthorized third parties, creating risks of identity theft, privacy violations, and unjust credit denials. Despite knowledge of these effects, Defendant Experian's algorithms and procedures continue to allow and cause consumers' files to be inappropriately merged, interfering with their ability to access credit, employment, housing, and insurance.

74.     Defendant Experian has long been aware of the mixed file issue, as evidenced by federal enforcement actions and litigation spanning decades, including lawsuits brought by the Federal Trade Commission, state Attorneys General, and many private consumers. Defendant Experian has previously entered into agreements and consent decrees mandating corrective action, and Defendant Experian has been penalized with punitive damages awards in private actions. Yet, mixed files persist.

**CLAIMS FOR RELIEF**

**COUNT I**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(First Claim for Relief Against Defendant Experian)**

75.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

76.     The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

11

77.   On at least one occasion, Defendant Experian prepared patently false consumer reports concerning Plaintiff.

78.   Defendant mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff and ultimately, Plaintiff's creditworthiness.

79.   Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

80.   As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

81.   Defendant Experian's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

82.   Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an

12

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Second Claim for Relief Against Defendant Experian)**

83.　　Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

84.　　The FCRA mandates that Defendant Experian conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. *Id*.

85.　　The FCRA provides that if Defendant Experian conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

86.　　Plaintiff initiated a dispute with Defendant Experian and disputed inaccurate information reporting in her credit file and requested that Defendant Experian correct and/or delete the inaccurate, misleading, and highly damaging information belonging to an unrelated consumer.

87.　　Defendant Experian failed to respond to Plaintiff's dispute and conducted *no* investigation of Plaintiff's dispute, or such investigation, if any, was so unreasonable as to allow patently false and highly damaging information to remain in Plaintiff's credit file.

88.　　Defendant Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the disputed information, before the end of the

30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's credit files.

89.    As a result of Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

90.    Defendant Experian's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

91.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT III**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681b(a)**
**Furnishing a Credit Report Without a Permissible Purpose**
**(Third Claim for Relief Against Defendant Experian)**

92.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs as if fully stated herein.

93.     This action involves the willful, knowing, and/or negligent violation of the FCRA relating to the dissemination of consumer credit and other financial information.

94.     Plaintiff is a "consumer" as defined by the FCRA.

95.     Defendant Experian is a consumer reporting agency that furnishes consumer reports as defined and contemplated by the FCRA.

96.     The FCRA prohibits any consumer reporting agency from furnishing a consumer report unless it has a permissible purpose enumerated under the FCRA, 15 U.S.C. § 1681b(a).

97.     Upon information and belief, on at least one occasion, Defendant furnished Plaintiff's credit report to various entities without a permissible purpose in connection to credit accounts and/or loan applications of another, which did not involve Plaintiff, and which Defendant therefore had no reason to believe that those various credit-issuing entities intended to use Plaintiff's credit information in connection with a credit transaction involving Plaintiff, in violation of 15 U.S.C. § 1681b(a).

98.     Defendant violated 15 U.S.C. § 1681b(a) by selling Plaintiff's credit report to third parties, whom did not have a permissible purpose to Plaintiff's credit report, in relation to the credit application of an unrelated consumer.

99.     As a result of Defendant Experian's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, the loss of her right to keep her private financial information

confidential; the loss of her right to information about who was viewing her private financial information and how her private financial information was improperly implicated in the credit applications of another; damage by loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

100. Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

101. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT IV**
**FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2b**
**Failure to Conduct an Investigation of the Disputed Information and Review of all**
**Relevant Information Provided by the Consumer**
**(First Claim for Relief Against Defendant I.C.)**

102. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

103. Defendant I.C. refused to remove information that belonged to another consumer – namely the I.C. account.

104. Defendant I.C. violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's

dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s), including but not limited to failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian; and, by failing to cease furnishing inaccurate information relating to Plaintiff to the national credit bureaus, including but not limited to Defendant Experian.

105.    As a result of Defendant I.C.'s conduct, action, and inaction, Plaintiff suffered damages including but not limited to, loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

106.    Defendant I.C.'s conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  Alternatively, Defendant I.C. was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

107.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant I.C. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT V**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(2)(A)**
**Misrepresenting The Character, Amount, or Legal Status of Any Debt**
**(Second Claim for Relief Against Defendant I.C.)**

108.    Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

109.    The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses.  15 U.S.C. §§ 1692(a), (e).

110.    When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

111.    Defendant I.C. falsely represented the character, amount, and legal status of the Inaccurate Information to Defendant Experian by reporting and verifying as accurate a purported debt reported in the Inaccurate Information, comprised of a collection account which does not belong to Plaintiff but rather to the Non-Consumer.

112.    Upon information and belief, Defendant I.C. utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff, despite the fact that Defendant I.C. knew or initially should have known that the Inaccurate Information belonged to an entirely different consumer and not to Plaintiff.

113.    Defendant I.C.'s conduct is intentional, and Defendant I.C. did not maintain procedures reasonably adapted to avoid such conduct.

18

114. Defendant I.C. violated § 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the alleged debt to the Credit Bureau Defendants that Defendant I.C. attempted to collect from Plaintiff. Defendant I.C.'s misrepresentations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer.

115. Defendant I.C.'s acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

116. Defendant I.C.'s debt collection actions, including reporting the Inaccurate Information to the Defendant Experian, and upon information and belief, communicating with Plaintiff about the debt to collect on the same, used false, deceptive, or misleading representations or means in connection with the collection of a debt.

117. As a result of Defendant I.C.'s actions and/or inactions, Plaintiff suffered damages including but not limited to, the above-referenced economic damages, loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

**COUNT VI**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**
**Use of Any False Representation or Deceptive Means to Collect or Attempt to Collect Any Debt**
**(Third Claim for Relief Against Defendant I.C.)**

118. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

19

119.    Defendant I.C. further violated the FDCPA by making false and deceptive representations that Plaintiff owed a debt that she did not legally owe to the Defendant Experian repeatedly, as discussed above.

120.    The alleged debt was, in fact, not associated with Plaintiff's but rather associated with an entirely different consumer, namely, Plaintiff's sister.

121.    Defendant I.C.'s representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer in order to induce payments for alleged debt that is uncollectable as a matter of law.

122.    Defendant I.C.'s debt collection actions constituted false, deceptive, or misleading representations or means used by Defendant I.C. in connection with the collection of a debt.

123.    As a result of Defendant I.C.'s actions and/or inactions, Plaintiff suffered damages including but not limited to, the above-referenced economic damages, loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

**COUNT VII**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f(1)**
**Collection of Any Debt Amount Unauthorized by Explicit Law or Agreement**
**(Fourth Claim for Relief Against Defendant I.C.)**

124.    Plaintiff re-alleges and incorporates by reference the allegations set forth in

preceding paragraphs as if fully stated herein.

125.    Defendant I.C. further violated the FDCPA by using unfair or unconscionable means to collect a debt.

126.    Defendant I.C.'s unfair and unconscionable means include, without limitation:

   a. Attempting to collect an alleged debt from Plaintiff, which belonged to an entirely different consumer, namely, Plaintiff's sister.

   b. Attempting to coerce, pressure, and/or deceive Plaintiff into paying money that she did not in fact owe.

127.    Defendant I.C.'s debt collection actions and/or inactions were false, deceptive, or misleading representations or means used in connection with the collection of an alleged debt.

128.    As a result of Defendant I.C.'s actions and/or inactions, Plaintiff suffered damages including but not limited to, the above-referenced economic damages, loss of credit; loss of ability to purchase and benefit from her credit rating; detriment to her credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having another consumer's personally identifying information and credit information, including inquiries, mixed into Plaintiff's credit file.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

   i.    Determining that Defendant negligently and/or willfully violated the FCRA;

   ii.    Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

   iii.    Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.    Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: November 13, 2025

*/s/ Brian K. Herrington*
Brian K. Herrington, MB #10204
Chhabra Gibbs & Herrington PLLC
120 North Congress Street, Suite 200
Jackson, MS 39201
T: (601) 326-0820
F: (601) 948-8010
E: bherrington@nationalclasslawyers.com

*Attorneys for Plaintiff*
*Ja'Meshia Montrellia Holder*

22